·REGENCE BLUESHIELD, including its subsidiaries, RegenceCare and Regence Northwest Health; Regence Bluecross Blueshield of Oregon, including its subsidiaries, Health Maintenance of Oregon, Inc., and Regence HMO of Oregon, and Regence Life & Health Insurance Company; Regence Bluecross Blueshield of Utah, including it subsidiary Healthwise; Blue Cross of Idaho Health Service, Inc.; Blue Cross Blue Shield of Montana, Inc.; Blue Cross & Blue Shield of Nebraska, and its subsidiaries, HMO Nebraska, Inc. and Corporate Diversified Services, Inc.; Blue Cross and Blue Shield of Texas, Inc., and its subsidiary, Rio Grande HMO, Inc.; Group Health Service of Oklahoma, Inc., and its subsidiaries GHS Health Maintenance Organization, Inc., dba BlueLincs HMO dba Blue Cross and Blue Shield of Oklahoma; Hawaii Medical Service Association, and its subsidiary, Health Plan Hawaii; New Mexico Blue Cross and Blue Shield, Inc., and its subsidiary, HMO New Mexico, Inc.; Northwest Medical Bureau, including its subsidiaries, Skagit County Medical Bureau and Whatcom Medical Bureau; Blue Cross of Washington and Alaska, and its subsidiary, HealthPlus, and LifeWise, a Primera Health Plan, Inc.; Medical Service Corporation of Eastern Washington; Rocky Mountain Hospital and Medical Service, and its subsidiary, HMO Colorado, Inc. dba Blue Cross and Blue Shield of Colorado dba Blue Cross and Blue Shield of Nevada; Regence Blueshield Idaho, including its subsidiary HealthSense; Blue Cross Blue Shield of Wyoming, Plaintiffs— Appellants,

v.

PHILIP MORRIS INCORPORATED; RJ Reynolds Tobacco Company; Brown & Williamson Tobacco Corpation; British American Tobacco Company, Ltd.; Lorillard Tobacco Company; United States Tobacco Company; Tobacco Institute, Inc.; the Smokeless Tobacco Research Council, Inc .; Hill & Knowlton, Inc.; the Council for Tobacco Research—USA, Inc ., Defendants—Appellees,

and

Bat Industries, Inc.; Liggett & Meyers Inc., Defendants.

No. 99–35203.

D.C. No. CV–98–00559–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Feb. 28, 2001.

---

2. Of course, our reversal of the district court's order acts as an affirmance of the bankruptcy court's decision.

Before BOOCHEVER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM [1]

Sixteen Blue Cross/Blue Shield Plans and their subsidiaries (the "Plans"), independent providers of health plan benefits and third party payers of health care services, appeal from the district court's dismissal of their federal antitrust, Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state statutory and common

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

law claims against numerous tobacco companies and industry-affiliated organizations (collectively, "Tobacco Firms"). The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

The Plans allege that the Tobacco Firms have engaged in a decades-long conspiracy to misrepresent the dangerousness of tobacco use and the addictiveness of nicotine and to suppress competition in the development of less harmful nicotine and tobacco products. The Plans seek to recover the costs that they have paid to health care providers for the medical treatment of tobacco-related diseases suffered by their subscribers as a result of the Tobacco Firms' conspiracy.

## I

 The district court properly dismissed the Plans' federal claims because the Plans do not have antitrust or RICO standing. Their claimed damages were not proximately caused by the Tobacco Firms' unlawful conduct, but were instead derivative of the personal injuries of smokers afflicted by tobacco-related illnesses. We rejected similar claims in *Ass'n of Wash. Pub. Hosp. Dists. v. Philip Morris, Inc.*, 2001 WL 33180469 (9th Cir. 2001) and *Oregon Laborers–Employers Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957 (9th Cir.1999). These decisions squarely control the Plans' antitrust and RICO claims.

The Plans attempt to distinguish *Oregon Laborers* by referencing their unique role in the health care system, a role which makes them more like health care providers than union trust health funds. The

Plans also argue that they have RICO standing under *NOW v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994), and antitrust standing under *Blue Shield of Va. v. McCready*, 457 U.S. 465, 102 S.Ct. 2540, 73 L.Ed.2d 149 (1982). We addressed, and rejected, these very arguments in *Ass'n of Wash. Pub. Hosp. Dists.*, in which we held that public health care providers did not have antitrust or RICO standing to recover the expenses they incurred to treat their patients' smoking-related illnesses, despite the unique role the hospital districts play in the public health care system. *Ass'n of Wash. Pub. Hosp. Dists.*, 2001 WL 33180469 at ____. *A fortiori*, the Plans' invocation of their own unique role in the health care system is insufficient to confer antitrust and RICO standing upon them.

## II

 The Plans' complaint sets forth 36 state statutory claims from 14 states alleging various restraint of trade, racketeering, and deceptive trade practices violations. Before the district court, however, the Plans only briefed their claim under the Washington Consumer Protection Act ("CPA"), Wash. Rev.Code Ann. §§ 19.86.020 [2] and 19.86.030.[3] They submitted that the "CPA's language is substantially similar, and often identical, to the deceptive trade practice and false advertising statutes of the other states at issue in this action." In their opening brief on appeal, the Plans again characterized the other state consumer protection statutes at issue as "similar" to Washington's and failed to address any differences

---

**2.** Wash. Rev.Code Ann. § 19.86.020 provides, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

**3.** Wash. Rev.Code Ann. § 19.86.030 provides, "[e]very contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is hereby declared unlawful."

between them. Thus, the Plans have elected to allow their other state statutory claims to stand or fall together with their Washington CPA claim. *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir. 1997) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.... 'Judges are not like pigs, hunting for truffles buried in briefs.'" (citations omitted)).

In *Ass'n of Wash. Pub. Hosp. Dists.,* we held that public hospital districts could not recover their costs for treating patients' tobacco-related illnesses under the Washington CPA, explaining that such costs were derivative of personal injuries, which are not recoverable under the CPA. *Ass'n of Wash. Pub. Hosp. Dists.,* 2001 WL 33180469, at ——. We also explained that the hospital districts failed to meet the CPA's proximate cause requirement. *Id.* at ——. The Plans' alleged damages are similarly derivative of the personal injuries of smokers. Thus, *Ass'n of Wash. Pub. Hosp. Dists.* directly controls the Plans' claims under the CPA, and the remainder of the Plans' state statutory claims fall together with their Washington CPA claim.

■ Further, for the same reason that the Plans lack antitrust and RICO standing, the district court properly dismissed the Plans' common law claims for fraudulent misrepresentation, fraudulent concealment and breach of a special duty: The Plans' damages were not proximately caused by the Tobacco Firms' alleged unlawful conduct. *See Oregon Laborers,* 185 F.3d at 968 (affirming dismissal of union trusts' fraud claims against tobacco compa-

nies for lack of proximate cause); *Ass'n of Wash. Pub. Hosp. Dists.,* 2001 WL 33180469 at —— (affirming dismissal of public hospital districts' fraudulent concealment and fraudulent misrepresentation claims against tobacco companies for lack of proximate cause). Finally, the Plans' claim for unjust enrichment was properly dismissed because the Plans did not confer a benefit upon the Tobacco Firms. *Oregon Laborers,* 185 F.3d at 968 (affirming dismissal of union trusts' unjust enrichment claims against tobacco companies).

## III

For the foregoing reasons, the judgment of the district court is AFFIRMED.[4]

---

4. Defendants–Appellees' motion for leave to file an appendix of unpublished opinions and

supplemental materials is DENIED.